# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THERESE CRUZ,

        *Plaintiff,*

  vs.

        Case No. 19-cv-1107-EFM

THE AMERICAN NATIONAL RED
CROSS
d/b/a AMERICAN RED CROSS,

        *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Therese Cruz brings this suit against Defendant The American National Red Cross, d/b/a American Red Cross.  Plaintiff alleges Defendant negligently performed her blood draw and negligently failed to immediately stop the blood draw and provide correct treatment. Before the Court is Defendant's Motion for Summary Judgment (Doc. 63).  For reasons stated below, the Court grants Defendant's Motion for Summary Judgment.

### I.  Factual and Procedural Background[1]

---

[1] In accordance with summary judgment procedures, the Court sets forth the facts in the light most favorable to the non-moving party.

On March 30, 2017, Plaintiff donated blood at Defendant's blood drive in Garden City, Kansas.  Plaintiff signed a Donor Acknowledgment form before the blood draw began, in which Plaintiff acknowledged she had read the educational materials provided to her, reviewed the information about the risks of the donation process, and understood she could withdraw from the donation at any time.  After being given an opportunity to ask any questions, Plaintiff consented to the blood draw.

Plaintiff then entered the donation area to begin the phlebotomy.  Upon insertion of the needle, Plaintiff experienced "sharp shooting pains and the blood running out faster than it had in her prior donations."[2]  Plaintiff was also dizzy/light-headed, and experienced swelling, tingling and numbness in her right arm, and nausea.

Due to Plaintiff's reactions, Defendant terminated Plaintiff's phlebotomy early.  The collection lasted six minutes and resulted in a total volume of 483 ml.  After terminating the phlebotomy, Defendant bandaged Plaintiff's arm and instructed her to lie down.  Plaintiff's nausea and other side effects continued, and she was transported to St. Catherine Hospital by EMS.

Plaintiff filed this suit on March 25, 2019, alleging that Defendant negligently performed the blood draw and negligently failed to immediately stop the blood draw and provide correct treatment.  Defendant now moves for summary judgment on Plaintiff's claim.

## II.    Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3]  A fact is

---

[2] Doc. 61, at 4.

[3] Fed. R. Civ. P. 56(a).

"material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4]  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[5]  The nonmovant must then bring forth specific facts showing a genuine issue for trial.[6]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits— conclusory allegations alone cannot survive a motion for summary judgment.[7]  The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[8]

## III.    Analysis

To succeed on a negligence claim[9] under Kansas law, a plaintiff must prove: "the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered."[10]  Negligence cases typically present factual determinations for a jury, not legal questions for the court.[11]  Questions regarding the existence of the duty element, however, are purely legal determinations.[12]  Therefore, "[i]f a court concludes that a defendant did not have a

---

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001) (citation omitted).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[6] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

[7] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[8] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[9] Defendant argues Plaintiff's claim is one of medical malpractice, as opposed to negligence. It is not necessary for the Court to resolve this dispute. *See Tudor v. Wheatland Nursing L.L.C.*, 42 Kan. App. 2d 624, 214 P.3d 1217, 1221–22 (2009) (holding that whether expert testimony is necessary to establish the applicable standard of care does not depend upon the classification of the claim) (citation omitted).

[10] *Nero v. Kan. State Univ.*, 253 Kan. 567, 861 P.2d 768, 772 (1993) (citation omitted).

[11] *Deal v. Bowman*, 286 Kan. 853, 188 P.3d 941, 946 (2008).

[12] *Elstun v. Spangles*, 289 Kan. 754, 217 P.3d 450, 453 (2009) (citation omitted).

-3-

duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable," and the court may properly grant summary judgment in the defendant's favor.[13]

To succeed on summary judgment, Defendant must show a lack of evidence on Plaintiff's claim.   Defendant asserts that summary judgment is appropriate because Plaintiff has not designated an expert to testify regarding the standard of care governing Plaintiff's phlebotomy, and thus will be unable to meet her burden of production at trial.  The Court agrees, and Plaintiff's claim cannot survive summary judgment.

## A.   Expert Testimony is Necessary to Establish the Standard of Care Governing Plaintiff's Phlebotomy

Kansas courts have consistently held that "[w]hether expert testimony is necessary to prove negligence is dependent on whether, under the facts of a particular case, the trier of fact would be able to understand, absent expert testimony, the nature of the standard of care required of defendant and the alleged deviation from the standard."[14]  When the facts at issue are "somewhat alien in terminology" and have "technological complexities," expert testimony is necessary to establish the applicable standard of care.[15]

Courts have ruled that expert testimony is necessary in cases involving the sale of complex farm equipment[16] and workplace exposure to unreasonable ergonomic risk factors.[17]  Conversely,

---

[13] *Line v. Sears & Roebuck & Co.*, 2011 WL 4348312, at *2 (D. Kan. 2011) (citation omitted).

[14] *Smart v. BNSF Ry. Co.*, 52 Kan. App. 2d 486, 369 P.3d 966, 977 (2016) (citations and quotations omitted).

[15] *Juhnke v. Evangelical Lutheran Good Samaritan Soc.*, 6 Kan. App. 2d 744, 634 P.2d 1132, 1137 (1981).

[16] *Gaumer v. Rossville Truck & Tractor Co.*, 41 Kan. App. 2d 405, 202 P.3d 81, 84 (2009) (finding the standard of care of the seller of a used hay baler is outside the ordinary experience and common knowledge of the jury and beyond the capability of a lay person to decide), *aff'd*, 292 Kan. 749, 257 P.3d 292 (2011).

[17] *BNSF Ry. Co.*, 369 P.3d at 977.

courts have ruled that expert testimony is unnecessary to establish the standard of care applicable to a nursing home to protect other patients from a known violent patient.[18]

Defendant argues that Plaintiff has failed to establish the elements of her negligence claim by failing to present expert testimony regarding the standard of care governing Plaintiff's phlebotomy and subsequent treatment.  In her response brief, Plaintiff largely fails to address any of Defendant's arguments or relevant law.  Instead, Plaintiff merely argues her claim is one of negligence, not medical malpractice.  This argument is irrelevant - whether expert testimony is necessary to establish the applicable standard of care does not depend upon the classification of the claim.[19]

As for Plaintiff's assertion of the applicable standard of care, Plaintiff argues Defendant had a general duty to "draw blood from a vein, not an artery."  Plaintiff argues this duty arose solely from Defendant's policies and procedures, which generally state Defendant's employees should master the process of phlebotomy and should draw blood from a vein.  Plaintiff offers no further evidence or testimony to establish this standard of care.  Notably, Plaintiff's deadline to designate her experts was November 29, 2019.[20]

Plaintiff has failed to meet her burden of establishing the relevant standard of care for Plaintiff's phlebotomy and subsequent treatment.  The phlebotomy process is extremely complex and involves language that is alien and technical.  This process is not within the general purview of a common juror's knowledge, and without expert testimony on the standard of care common to the phlebotomy process, a trier of fact would not be able to understand the nature of the standard

---

[18] *Juhnke*, 634 P.2d at 1136.

[19] *Tudor*, 214 P.3d at 1221–22 (citation omitted).

[20] Doc. 16, at 2.

of care required by Defendant.  As such, expert testimony is required to establish the applicable standard of care for Plaintiff's phlebotomy and subsequent treatment.

Because Plaintiff fails to provide this necessary expert testimony, and her deadline to designate experts has long since passed, Plaintiff has failed to carry her burden to present factual allegations supporting the first element of her negligence claim. The Court need not analyze the remaining elements. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 63) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 19th day of May, 2021.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE