# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THERESE CRUZ,

    *Plaintiff,*

vs.

THE AMERICAN NATIONAL RED CROSS, d/b/a American Red Cross, John Doe, or Jane Doe, and other unknown individuals,

    *Defendants.*

Case No. 19-1107-EFM

## MEMORANDUM AND ORDER

Plaintiff Therese Cruz brought suit against Defendant The American National Red Cross in Finney County, Kansas District Court, alleging she was injured by the negligence of Red Cross workers during a blood draw. Defendant removed the action to the District of Kansas. The Court subsequently held that Plaintiff's claim required expert testimony as to the standard of care for blood draws. Since Plaintiff presented no such evidence, the Court granted summary judgment in favor of Defendant. Plaintiff appealed from this decision, which was affirmed by the Tenth Circuit.

Following the return of the mandate and submissions by the parties, the Clerk of the Court taxed costs against Plaintiff in the amount of $5,098.92. Plaintiff has now filed a Motion to Retax Costs. (Doc. 90).

## I.    Factual and Procedural Background

The Bill of Costs presented by Defendant, and later taxed by the Clerk, includes $3,854.40 for the depositions of Plaintiff and of the expert witness Dr. David Hufford.  In response to Defendant's Bill of Costs, Plaintiff originally complained that the amount requested included the costs of providing copies of the depositions, and claimed that the provision of copies of depositions is generally not taxable.

In response, Defendant submitted the affidavit of Nicole Hulsether, the office manager of Arpino & Biggs Reporting Service, Inc., the court reporting service which conducted the depositions.  Hulsether averred that the service provides additional copies of depositions as a matter or course, and does not charge for the additional copies.  The Clerk ultimately taxed costs in the amount noted earlier.

## II.    Legal Standard

Rule 54(d)(1) provides:

Unless a federal statute, these rules, or a court order provides otherwise, costs-- other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.[1]

Similarly, 28 U.S.C. § 1920 provides that the Court may tax as costs charges "for printed or electronically recorded transcripts [and] for exemplification and the costs of making copies," if those materials are "necessarily obtained for use in the case."

---

[1] Fed. R. Civ. P. 54(d)(1).

"Rule 54(d) creates a presumption that the prevailing party shall recover costs. Once a prevailing party establishes its right to recover costs, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed."[2]

### III. Analysis

Plaintiff's present Motion argues that Hulsether's affidavit was not properly sworn, and was not based on personal knowledge. She also complains that Hulsether failed to make any specific reference to the depositions of herself and of the expert witness Dr. David Hufford. Finally, she complains that the additional cost for the videotaping the two depositions ($850 for her and $465 for Dr. Hufford) should have been identified "as a separate item instead of a lump sum."

Plaintiff's objections lack merit. Her argument that deposition copies can never be taxed as costs rests on a nonbinding decision from another jurisdiction, *Voight v. Subaru-Isuza Automotive, Inc*.[3] That case did not address deposition costs, but the costs of generating extra photocopies of pleadings for the use of counsel, with the court concluding that the cost of "extra copies of filed papers and correspondence, and copies of cases [which] are not necessary but are for the convenience of the attorneys" may not be recovered under § 1920(4)."[4] Hulsether's affidavit establishes that there was no additional costs for the working copies of the depositions, and Plaintiff has supplied no reason to believe the costs of the deposition are otherwise unreasonable or inflated.

---

[2] *Holick v. Burkhart*, 2020 WL 4673153, at *2 (D. Kan. 2020) (quotaation and citations omitted).

[3] 141 F.R.D. 99, 103 (N.D. Ind. 1992).

[4] *Id*. at 103.

Hulsether expressly states that she has personal knowledge of the facts of the affidavit. Although she does not specifically refer to the two depositions involved in the present action, she speaks as to the "standard business practice" of her firm, which is to provide both "the sealed and working copy for the price of one copy. We do not charge for both." Plaintiff supplies no reason to suspect that the reporting firm departed from that standard practice here.

Plaintiff's challenge to the oath in the Declaration is similarly deficient. At the conclusion of her Declaration, Ms. Hulsether wrote:

> I declare under penalty of perjury under the laws of the State of Kansas an pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and that this statement was executed on September 22, 2022.

In support of her present motion, Plaintiff argues that Hulsether's Declaration is "ineffective" under the statute, because:

> the Declaration should have stated, "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

Plaintiff's argument is plainly wrong. The statute is expressly written in the disjunctive, providing that sworn statement may be taken in evidence if the maker either *declares* the matter to be true *or* uses any of the three parenthetical equivalents. An affidavit may be taken as evidence even if it "does not contain the exact language of 28 U.S.C. § 1746."[5] A writing is sufficient so long as " 'it substantially complies with [the] statutory requirements, which is all that this Section [1746] requires.' "[6]

---

[5] *Tackman v. Goord*, 2005 WL 2347111, at *27 (W.D.N.Y. 2005).

[6] *Id*. (quoting *LeBoeuf, Lamb, Greene & McRae, L.L.P. v. Worsham*, 185 F.3d 61, 66 (2d Cir. 1999).

Finally, Plaintiff's complaint that the Bill of Costs improperly incorporated the charges for the video component of the depositions also does not warrant the retaxing of costs. Although the Bill of Costs itself combines the total costs of the depositions, the Defendant attached to its pleading the Arpino and Biggs invoices for both depositions which expressly give separate itemizations for the charges for "VIDEO SERVICES." These invoices were attached as documentation to the Bill of Costs submitted by Defendant's Counsel, who formally declared that they were correct. The Tenth Circuit has recognized that the costs of videotaping a deposition may property be taxed.[7]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Retax Costs (Doc. 90) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997).